**IN THE COURT OF APPEALS OF IOWA**

No. 18-1300
Filed March 6, 2019

**IN THE INTEREST OF F.E., L.E., and J.E.,**
**Minor Children,**

**C.E., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Scott County, Cheryl Traum, District

Associate Judge.


        A father appeals the termination of his parental rights to his children.

**AFFIRMED.**


        Christine Frederick of Zamora, Taylor, Woods, & Frederick, Davenport, for

appellant father.

        Thomas J. Miller, Attorney General, and John McCormally (until withdrawal)

and Anagha Dixit, Assistant Attorneys General, for appellee State.

        Jack E. Dusthimer, Davenport, guardian ad litem for minor children.


        Considered by Vogel, C.J., Vaitheswaran, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

A father appeals the termination of his parental rights to his children, J.E., L.E., and F.E., born in 2009, 2012, and 2014, respectively. He contends termination is not in the best interests of the children. Upon our review, we affirm.

## I. Background Facts and Proceedings

This family came to the attention of the department of human services following physical abuse of the children by the father.[1] The parents voluntarily agreed to the children's removal in 2015. They were offered visitation with the children but "didn't think that that was right at that time." At the time, the parents were without housing. The State petitioned to have the children adjudicated in need of assistance, and the juvenile court granted the petition. The children were returned to the parents' care in April 2017 but were removed in September 2017, upon the court's finding that the children were "in immediate physical danger."

Eventually, the children's guardian ad litem petitioned to terminate the parents' parental rights to the children. Following a hearing, the court granted the petition pursuant to Iowa Code section 232.116(1)(b), (d), (e), and (f) (2018).[2] The father appeals.[3]

## II. Scope and Standard of Review

"[R]eview of termination of parental rights under Iowa Code chapter 232 is a three-step analysis." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). We first

---

[1] During these proceedings, the father pled guilty to child endangerment involving physical abuse of L.E., and founded child abuse reports were completed with regard to the father's physical abuse of J.E.

[2] Only the parents' parental rights as to J.E. and L.E. were terminated pursuant to section 232.116(1)(f). F.E. was less than four years old, and the petition did not allege section 232.116(1)(h) as a ground for termination of parental rights as to F.E.

[3] The mother does not appeal from the termination of her parental rights.

determine if "any ground for termination under section 232.116(1) has been established." *Id.* If a "ground for termination has been established, then we determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." *Id.* at 219–20. "Finally, if we do find that the statutory best-interest framework supports the termination of parental rights, we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* at 220. We review termination of parental rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

### III.    Discussion

Because the father does not dispute the statutory grounds for termination under the paragraphs cited by the court, he has waived any challenges, and we need not discuss that issue. *See* Iowa R. App. P. 6.903(2)(g)(3); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Accordingly, we affirm termination of the father's parental rights under section 232.116(1)(b), (d), and (e) as to all the children, and (f) as to J.E. and L.E.

The father claims termination is not in the best interests of the children. On this issue, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). "Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (citation omitted).

With the exception of a five-month period in 2017, these children have been removed from the father's care since 2015. At the time of the termination hearing in June 2018, the father had last had contact with the children electronically in May 2018 and December 2017, and he had last seen the children in person in October 2017. During that time, the father had made little progress to eliminate the adjudicatory harm that brought the children to the court's attention. The department of human services case worker opined the father "h[ad] not maintained a meaningful relationship with the children." Meanwhile, the children had been in approximately five different foster-home placements.[4] According to the case worker, "They are in desperate need of stability and permanency." On our de novo review, we find the children's best interests are served by termination of the father's parental rights.

We further find no statutory exception to termination under section 232.116(3) applies in this case. *See M.W.* 876 N.W.2d at 225 (noting the application of a statutory exception to termination is "permissive not mandatory").

We affirm termination of the father's parental rights.

**AFFIRMED.**

---

[4] Most recently, J.E. had been placed at a mental-health institute. At the termination hearing, the father agreed J.E.'s placement "was probably the best place for him at this time."